UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA, WESTERN DIVISION

| | |
|---|---|
| MIGUEL PEREZ, an individual, and LUIS OLIVERAS MEDINA an individual,<br><br>   Plaintiffs,<br><br>  vs.<br><br>MELVIN NORDHAGEN, an individual; BLACK HILLS TRUCKING, INC.; and DOES 1 through 40, inclusive,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

  **COME NOW** the plaintiffs MIGUEL PEREZ and LUIS OLIVERAS MEDINA (collectively "Plaintiffs") and present causes of actions against Defendants MELVIN NORDHAGEN, an individual, BLACK HILLS TRUCKING, INC., and DOES 1 through 40, inclusive, (collectively "Defendants") and hereby demand a jury trial and allege as follow:

## PARTIES

1. At all times herein mentioned, Plaintiff MIGUEL PEREZ is an individual and a citizen of the State of Florida.

2. At all times herein mentioned, Plaintiff LUIS OLIVERAS MEDINA is an individual and a citizen of the State of Florida.

3. Plaintiffs are informed and believe and based thereon allege, that Defendant MELVIN NORDHAGEN ("NORDHAGEN") is, and at all relevant times was, an individual residing in the County of Spokane, State of Washington.

4. Plaintiffs are informed and believe and based thereon allege, that Defendant BLACK HIILLS TRUCKING ("BLACK HILLS") is, and at all relevant times was, a corporation organized under the laws of Wyoming and has its principal place of

business in Wyoming.

5.     Defendants DOES 1 through 40, inclusive, whether individuals, corporations, associations or otherwise, are fictitious names of defendants whose true names and capacities are unknown to Plaintiffs at this time.  Each fictitiously named defendant, whether acting for itself or as an agent, corporation, association, or otherwise, is in some way liable or responsible to Plaintiff based on the facts and proximately caused injuries and damages as alleged herein.  At such time as the DOE defendants' true names and capacities become known, Plaintiffs will ask leave of Court to amend the Complaint to insert the DOE defendants' true names and capacities.

6.     At all times relevant herein, Defendants and DOES 1 through 40, inclusive, were the agents, employees, supervisors, servants and joint venturers of each other, and in doing the things hereafter alleged, were acting within the course, scope and authority of such agency, employment and joint venture and with the consent and permission of each of the other Defendants and DOES 1 through 40.  All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant and DOES 1 through 40.

7.     All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this controversy pursuant to 28 U.S.C. Section 1332(a)(2) because the parties are completely diverse and the amount in controversy exceeds the $75,000.00 minimum jurisdictional requirement, exclusive of costs and attorney's fees.

9.     Venue is proper in this District pursuant to 28 U.S.C. Section

1391(b)(2), in that the incident giving rise to all injuries and damages complained of herein occurred in Williams County, North Dakota.

## GENERAL ALLEGATIONS

10. At all times herein mentioned, Plaintiffs MIGUEL PEREZ and LUIS OLIVERAS MEDINA were restrained passengers in the white 2014 Dodge Ram that was being driven by Allen Izucar.

11. At all times herein mentioned, Defendant NORDHAGEN, in the course and scope of his employment with Defendant BLACK HILLS, was the driver of a semi-tractor with trailer who was also heading southbound on US-85 in Williston, North Dakota.

12. Based on information and belief, said semi-tractor with trailer is owned and/or registered to Defendant BLACK HILLS and DOES 1 through 40, inclusive, who provided Defendant NORDHAGEN with express or implied authorization to operate the said vehicle in the course and scope of his employment.

13. On July 13, 2014, at approximately 06:30 A.M., Allen Izucar was traveling southbound on US-85 with Plaintiffs as passengers when he had to apply the brakes of his 2014 Dodge Ram to avoid striking a vehicle in front of him that had come to an abrupt stop.

14. Defendant NORDHAGEN, in the course and scope of his employment with Defendant BLACK HILLS, was traveling behind the 2014 Dodge Ram when it came to a stop and Defendant NORDHAGEN's semi-tractor with trailer struck the rear-end of Izucar's vehicle, in which Plaintiffs were passengers.

15. As a direct and proximate result of the violent impact, Plaintiffs suffered serious injuries according to proof.

## FIRST CAUSE OF ACTION
## FOR NEGLIGENCE
**(Against all Defendants and DOES 1 through 40)**

16. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

17.     At all times herein mentioned, Defendants, and each of them, had a duty to lawfully and/or properly drive, operate, own, control, entrust, and/or maintain their vehicles with reasonable care.

18.     Plaintiffs are informed and believes and thereupon allege that Defendants, and each of them, negligently, carelessly, and recklessly, owned, maintained, controlled, and/or operated the vehicles in such a manner as to cause the collision, based upon Defendants' negligent and careless misconduct in operation of the respective vehicles.

19.     Upon information and belief, the vehicle negligently operated by Defendants were managed, controlled and/or maintained in a negligent manner.

20.     Plaintiffs also allege that Defendants negligently, carelessly, recklessly, and unlawfully entrusted the subject vehicle to Defendants who failed to operate each in a reasonably safe manner. Plaintiff further contends that Defendants failed to act with reasonable in hiring, retaining, supervising and/or controlling its drivers in order to make certain they complied with the rules and regulations for operation, control, and/or maintenance of his vehicle in a reasonably safe manner.

21.     As a direct and proximate result of the negligent, careless, and reckless, acts of Defendants, and each of them, Plaintiffs suffered substantial and significant injuries and damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For legal interest on judgment from the filing of this Complaint to the date of judgment;

4. For post-judgment interest at the legal rate;

5. For costs of suit incurred herein; and

6. For any other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in the instant action on all stated claims for relief.

Dated this 1st day of August, 2018.

        O'KEEFFE, O'BRIEN, LYSON & FOSS LTD.

        */s/ Timothy M. O'Keeffe*
        TIMOTHY M. O'KEEFFE (ND ID No. 05636)
        720 Main Avenue
        Fargo, ND 58103
        tim@okeeffeattorneys.com

        And

        **ABIR COHEN TREYZON SALO, LLP**
        Douglas Rochen, Esq. (S.B.N.: 217231)
        Katie deGuzman, Esq. (S.B.N.: 283714)
        1901 Avenue of the Stars, Suite 935
        Los Angeles, CA 90067
        Telephone: (310) 407-7888
        Facsimile:  (310) 407-7915
        *Pro Hac Vice* Admission Pending

        Attorneys for Plaintiffs MIGUEL PEREZ and LUIS OLIVERAS MEDINA